

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00150-CR

LOWELL THOMAS REDDEN, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 40208-A

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

# MEMORANDUM OPINION

In October 2011, Lowell Thomas Redden, pursuant to a plea agreement, pled guilty to aggravated assault with a deadly weapon.[1] The trial court deferred finding Redden guilty and placed him on community supervision. In February 2018, the State moved to adjudicate Redden's guilt. At a hearing in July 2019, the trial court found that Redden had violated seven terms and conditions of his supervision. As a result, the trial court sentenced Redden to six years' confinement. Redden appeals.

Redden's attorney on appeal has filed a brief stating that she has reviewed the record and has found no genuinely arguable issues that could be raised on appeal. The brief sets out the procedural history of the case and summarizes the evidence elicited during the course of the trial court proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978). Counsel also filed a motion with this Court seeking to withdraw as counsel in this appeal.

On January 10, 2020, counsel mailed to Redden copies of her brief and the motion to withdraw. On or about February 19, 2020, counsel also mailed to Redden the reporter's and clerk's records. Redden was informed of his rights to review the record and file a pro se response.

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2).

On March 30, 2020, Redden filed a pro se response to his counsel's *Anders* brief; however, that response failed to raise any viable appellate issues.

We have determined that this appeal is wholly frivolous. We have independently reviewed the entire appellate record and, like counsel, have determined that no arguable issue supports an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005). In the *Anders* context, once we determine that the appeal is without merit, we must affirm the trial court's judgment. *Id.*

We affirm the judgment of the trial court.[2]

                                        Scott E. Stevens
                                        Justice

Date Submitted:     April 21, 2020
Date Decided:       April 22, 2020

Do Not Publish

---

[2]Since we agree that this case presents no reversible error, we also, in accordance with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *See Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant desire to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review (1) must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing was overruled by this Court, *see* TEX. R. APP. P. 68.2, (2) must be filed with the clerk of the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 68.3, and (3) should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure, *see* TEX. R. APP. P. 68.4.